UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-22980-DPG

**ORHAN E. ARSLAN,**

       Plaintiff,

v.

**FLORIDA INTERNATIONAL UNIVERSITY**,

       Defendant.

_____/

<u>**ORDER DISMISSING CASE**</u>

**THIS CAUSE** comes before the Court on Defendant Florida International University's ("FIU") Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Defendant's Motion is **GRANTED in part**.

    **I.**      **BACKGROUND**

The Plaintiff brings this action against his former employer, FIU, seeking damages for unlawful discrimination based on age and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1), ("ADEA") and the Florida Civil Rights Act of 1992, as amended, § 760.10 *et seq.* ("FCRA"). [ECF No. 1]. The Defendant has moved to dismiss arguing that the Plaintiff has improperly named a fictitious entity as the defendant and that the Court lacks subject matter jurisdiction over this dispute. The Defendant also argues that the dismissal should be with prejudice because amendment would be futile. The Motion does not challenge the factual sufficiency of the Complaint's allegations; therefore, the Court's analysis will be limited to the two bases noted above.

## II. DISCUSSION

### a. FIU is Not a Proper Party

At the outset, the Court finds that FIU is an improper defendant because FIU's Board of Trustees is the only party amenable to suit under Section 1001.72(1), Florida Statutes. *See Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 998 (S.D. Fla. 2020) ("[I]n Florida, a public university's board of trustees is the proper entity to be named in lawsuits against the university."); *McGirt v. Broward Coll.*, No. 15-62324-CIV, 2016 WL 1161093, at *1 n.1 (S.D. Fla. Mar. 23, 2016) ("Each institution's local board of trustees . . . is the governing entity with the power to sue or be sued"). The Plaintiff does not dispute that FIU is an improper defendant; instead, the Plaintiff argues he should be permitted to amend the Complaint to name the proper party. [ECF No. 8 at 5]. The Plaintiff's claims must be dismissed, albeit without prejudice, on this issue alone. *Souto*, 446 F. Supp. 3d at 998 ("Because FIU is not a proper defendant to this action, Count VIII is dismissed without prejudice."). The Court will nonetheless address the Defendant's Eleventh Amendment immunity arguments, because they would still apply to claims properly brought against FIU's Board of Trustees.[1]

### b. Eleventh Amendment Immunity Applies to the Plaintiff's Claims

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990). This immunity applies to both federal and state law claims and extends to state agencies acting as "an arm of the state." *Dulcio v. Arcadis U.S., Inc.*, No. 9:22-CV-81908, 2023 WL 7181609, at *4 (S.D. Fla. Aug. 3, 2023). A state may waive its sovereign immunity; however, it must do so unequivocally and expressly. *Austin v. Glynn Cnty., Georgia*, 80 F.4th 1342,

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1351 (11th Cir. 2023), *cert. denied sub nom. Austin v. Glynn Cnty.*, 144 S. Ct. 1060 (2024). Likewise, "Congress may validly abrogate this immunity if (1) it unequivocally expresses its intent to abrogate, and (2) it possesses the power to effectuate its intent." *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 770 (11th Cir. 2020).

The Plaintiff does not dispute that FIU's Board of Trustees is an arm of the state. Nor could he. *See Baker v. Univ. Med. Serv. Ass'n, Inc.*, No. 8:16-CV-2978-T-30MAP, 2016 WL 7385811, at *2 (M.D. Fla. Dec. 21, 2016) ("It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity."). Instead, the Plaintiff argues that FIU has waived its sovereign immunity by accepting federal funding, that Florida's legislature expressly waived immunity for FCRA claims, and that Congress abrogated Florida's immunity for ADEA claims. All three arguments lack merit; however, the Court will address each, briefly, in turn.

First, FIU has not waived its right to sovereign immunity by accepting federal funding. The Plaintiff relies on a series of inapposite Section 504 Rehabilitation Act cases in support of his position. The acceptance of federal funding waives Eleventh Amendment immunity for Rehabilitation Act claims because the statute "expressly conditions acceptance of federal funds upon a state's agreement" to waive its immunity. *See Gary v. Georgia Dep't of Hum. Res.*, 323 F. Supp. 2d 1368, 1373 n.16 (M.D. Ga. 2004) (comparing waiver via acceptance of federal funds under Title I ADA claims with Section 504 Rehabilitation Act claims). The Plaintiff has not identified a similar waiver provision in the ADEA.[2] Moreover, federal circuit courts have already rejected the

---

[2] Federal courts in this, as well as other circuits, have already found that the ADEA does not contain a similar explicit funding waiver of sovereign immunity. *Gargett v. Fla. Dep't of Juv. Just.*, No. 8:19-CV-2051-VMC-TGW, 2024 WL 3470355, at *2 (M.D. Fla. July 19, 2024) ("Here, the parties have not cited — and this Court has not been able to locate — a Florida statute in which the state waives its Eleventh Amendment immunity as to ADEA claims."); *Grizzle v. Oklahoma Dep't of Veterans Affs.*, No. CIV-06-210-SPS, 2006 WL 3227880, at *5 (E.D. Okla. Nov. 2, 2006) ("Further, although Congress can condition receipt of federal funds on a waiver of sovereign immunity . . . it has not done so in connection with the ADEA"); *Wright*, 115 F. Supp. 3d at 495 ("In this case, the ADEA does not contain

Plaintiff's argument that the general acceptance of federal funding constitutes a waiver of Eleventh Amendment immunity. *See Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 395 (5th Cir. 2007) (finding that "Texas's general acceptance of federal funding d[id] not waive its Eleventh Amendment immunity" from ADEA lawsuit); *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 240 (3d Cir. 2003) ("[A] state does not waive its immunity merely by accepting federal funds.").

The same is true for the Plaintiff's second argument. Florida has not expressly waived its Eleventh Amendment immunity by providing a remedy in the FCRA. While "Florida allows FCRA claims to be filed against it 'in any court of competent jurisdiction'. . . [it] does not explicitly waive Florida's sovereign immunity in *federal court*." *Gargett v. Fla. Dep't of Juv. Just.*, No. 8:19-CV-2051-VMC-TGW, 2024 WL 3470355, at *5 (M.D. Fla. July 19, 2024) (quoting Fla. Stat. § 760.11(4)). "A state does not consent to suit in federal court merely by stating its intention to sue and be sued, 'or even by authorizing suits against it *in any court of competent jurisdiction*.'" *Crisman v. Fla. Atl. Univ. Bd. of Trustees*, 572 F. App'x 946, 948 (11th Cir. 2014) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999)).[3]

As to whether Congress abrogated Florida's immunity, federal courts have already made clear that with the ADEA, "Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *England v. Hillsborough Cmty. Coll.*, 546 F. App'x 881, 884 (11th Cir. 2013) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000)); *Gargett*, 2024 WL 3470355, at *1 ("But it is established that, 'in the ADEA, Congress did not validly abrogate the States'

---

any 'clear and unambiguous' statement of intent to condition receipt of federal funding upon a waiver of sovereign immunity—and Plaintiff has not pointed to any provision in the ADEA that expresses such an intent.").

[3] The Plaintiff also argues that even if its FCRA claims are barred "this Court should exercise supplemental jurisdiction over these claims based on the principle of severability." [ECF No. 8 at 9]. However, because the Court finds that it does not have jurisdiction over the Plaintiff's federal claims it need not address the merits of the Plaintiff's supplemental jurisdiction argument.

sovereign immunity to suits by private individuals.'") (quoting *Kimel*, 528 U.S. at 91); *Grimshaw v. S. Fla. Water Mgmt. Dist.*, 195 F. Supp. 2d 1358, 1362 n.4 (S.D. Fla. 2002) ("Florida's Eleventh Amendment immunity has not been waived or abrogated by the Age Discrimination in Employment Act.").

    c. <u>The Plaintiff's Claims Shall be Dismissed Without Prejudice</u>

While the Court finds that FIU and its board of trustees are entitled to Eleventh Amendment immunity against the Plaintiff's ADEA and FCRA claims, the Plaintiff's claims shall be dismissed *without prejudice*. Because "sovereign immunity applies, the . . . court lack[s] subject matter jurisdiction over th[is] case, and it ha[s] no power to render a judgment on the merits." *Gilbert v. Fla. Dep't of State*, 855 F. App'x 501, 503 (11th Cir. 2021); *Parker-Hall v. Univ. of Fla. Bd. of Trustees, No*. 1:21-CV-138-AW-GRJ, 2021 WL 10426246, at *2 (N.D. Fla. Nov. 17, 2021) ("Although UF seeks dismissal with prejudice, a dismissal based on Eleventh Amendment immunity is without prejudice.").

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED in part**;
2. This action is **DISMISSED** *without prejudice* and **CLOSED** for administrative purposes;
3. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2025.

                                      DARRIN P. GAYLES
                                      UNITED STATES DISTRICT JUDGE